Before the Second Division, March 8, 1950

No. 54114.—Butler Bros. *v.* United States, protest 132280–K/1233 (Chicago)

FORD, Judge: The protest listed above involves the proper classification of certain imported merchandise which was classified by the collector of customs as manufactures of paper, or of which paper is the component material of chief value, not specially provided for, and duty was levied thereon at the rate of 35 per centum ad valorem under paragraph 1413 of the Tariff Act of 1930. The plaintiff claims the merchandise to be properly dutiable at only 25 per centum ad valorem under paragraph 1410 of said act, as drawings, or at only 10 per centum ad valorem under paragraph 1547 (b) of the said act, as modified by the trade agreement with France, T. D. 48316, as drawings or sketches in pen and ink, pencil, or water color, suitable as designs in the manufacture of textiles, floor coverings, wall paper, or wall coverings.

At the trial 12 sketches of the involved merchandise were admitted in evidence and marked collective exhibit 1. An exact copy of the order for the involved merchandise which was sent to the exporter was admitted in evidence as illustrative exhibit A. There was also admitted in evidence one handkerchief, marked illustrative exhibit B, which the witness testified was supposed to be similar to the design in No. 27855, which was included as a part of collective exhibit 1. Illustrative exhibit C is a red crayon pencil which the witness stated was used to produce the colored portions of collective exhibit 1.

Counsel for the plaintiff also offered the testimony of two witnesses. The first witness, Desh Gloss, testified that he had been in charge of import matters for the plaintiff herein for about 4½ years; that he saw the import and foreign invoices and the merchandise, or samples thereof, imported by the plaintiff; that the manufacturer sold the handkerchiefs from sketches; that these sketches or drawings were used to elaborate the range of the samples, and were also used in ordering other handkerchiefs. On cross-examination the witness stated that he had no knowledge of the designs used for manufacturing textiles, floor coverings, wall paper, wall coverings; that he had never been in the textile manufacturing business, or in the business of manufacturing any of the above-named articles.

The second witness, Richard Behrends, testified that for a period of 2 years he had been employed as an artist in the packaging department of the plaintiff herein; that he had studied art at the Art Institute and at the Institute of Design; that during the time he had been employed by the plaintiff herein he had done approximately one drawing every 3 days; that collective exhibit 1 is produced with the use of colored wax pencils, similar to illustrative exhibit C; that collective exhibit 1 is not paintings in oil, water colors, pastels, or pen-and-ink drawings. This witness stated definitely that collective exhibit 1 consisted of pencil drawings. On cross-examination, this witness was frank to state that he did not know whether the drawings, constituting collective exhibit 1, were created by a mechanical process or whether they were done entirely by hand.

The pertinent part of paragraph 1413, under which the merchandise was classified, is as follows:

PAR. 1413. * * * manufactures of paper, or of which paper is the component material of chief value, not specially provided for, all the foregoing, 35 per centum ad valorem; * * *.

Paragraph 1410 of the Tariff Act of 1930, and paragraph 1547 (b), as modified by the French Trade Agreement, T. D. 48316, under which the plaintiff claims the involved merchandise to be properly dutiable, are as follows:

PAR. 1410. * * * blank books, slate books, drawings, engravings, photographs, etchings, maps, and charts, 25 per centum ad valorem; * * *.

PAR. 1547. (b) Paintings in oil, mineral, water, or other colors, pastels, and drawings and sketches in pen and ink, pencil, or water color, any of the foregoing (whether or not works of art) suitable as designs for use in the manufacture of textiles, floor coverings, wall paper, or wall coverings, 10% ad val.

The record before us in not sufficient to establish that the involved merchandise is suitable as designs for use in the manufacture of textiles, floor coverings, wall paper, or wall coverings. The two witnesses who testified did not profess to have any knowledge concerning the manufacture of textiles, floor coverings, wall paper, or wall coverings. The record shows only that these drawings are sometimes used in ordering handkerchiefs when a sample handkerchief is not available. We, therefore, need give no further consideration to plaintiff's claim under paragraph 1547 (b), as modified, *supra*.

As heretofore stated, plaintiff's witness Behrends testified that the involved merchandise was pencil drawings, and his testimony is not in any way contradicted. While it is true that plaintiff's witness Behrends had been employed as an artist for a period of only 2 years, it is also true that during that period he had done on an average of one drawing every 3 days.

It is our view that the evidence offered by the plaintiff is amply sufficient to overcome the presumption of correctness attaching to the classification of the collector and to establish that the involved merchandise is drawings within the meaning of paragraph 1410 of the Tariff Act of 1930.

Upon the record presented, we hold the items of merchandise which were assessed with duty at 35 per centum ad valorem under paragraph 1413 of the Tariff Act of 1930 to be properly dutiable at only 25 per centum ad valorem under paragraph 1410 of the Tariff Act of 1930, as alleged by the plaintiff.

To the extent indicated the specified claim in this protest is sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.